

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| **CHARLES M. SCHLOM** | * | CIVIL ACTION |
| PLAINTIFF | * | |
| | * | NO. 06 C 50051 |
| VERSUS | * | |
| | * | SECTION " " |
| **MARLEY COOLING TECHNOLOGIES, INC.**, d/b/a **SPX COOLING TECHNOLOGIES INC.** | * | |
| DEFENDANT | * | MAG. DIV. ( ) |

* * * * * * * *

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES **CHARLES M. SCHLOM** ("Schlom"), who for his Complaint respectfully avers that:

1.

Mr. Schlom, plaintiff herein, is a person of the age of majority and domiciled within the County of McHenry, State of Illinois.

2.

Made defendant herein is **MARLEY SPX INC.**, d/b/a **SPX COOLING TECHNOLOGIES, INC.** ("Marley"), a foreign corporation formed under the laws of the State of Delaware, licensed to and doing business in the State of Illinois with a principal place of business in Illinois, and, with a registered agent in Chicago, Illinois.

3.

This Honorable Court has jurisdiction over this matter pursuant to the Uniformed Services Employment and Reemployment Rights Act ("USERRA") 38 U.S.C. § 4301 et seq., specifically 38 U.S.C. § 4323(b)(3). Alternatively, this Honorable Court has jurisdiction over this claim pursuant to 28 U.S.C. §1331.

4.

Venue is proper in this Honorable Court pursuant to the provisions of USERRA, 38 U.S.C. § 4323(c)(2). Alternatively, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

5.

Marley first employed Schlom on October 2, 2001 as the Regional Sales Manager for Marley's Mid-West Region.

6.

Prior to being employed by Marley, Schlom served as a Regular Officer in the United States Army from 1984 until 1989 and in the United States Army Reserve from 1989 until the present.

7.

At all times relevant to this action, Schlom was, and remains, a Lieutenant Colonel in the United States Army Reserve.

8.

In October of 2004, Schlom was asked by Defendant's field marketing manager whether Schlom might be called to active duty and sent to Iraq.

9.

A director of sales working for Defendant Marley questioned Schlom as to his status as an Army Reservist in October of 2004 and the likelihood of Schlom

being called up to active duty.

10.

The executive secretary to the Director of Sales queried Schlom regarding the likelihood of Schlom being called to active duty nearly every time Schlom notified the company of his active duty reserve training dates from December of 2003 until January of 2005.

11.

Schlom voluntarily disclosed in December 2004 to a regional manager for Defendant Marley that he would likely be called to active duty in the summer of 2005 and sent to Afghanistan. During the discussion, Schlom discussed with the regional manager how his territory might be managed in his deployed absence and the regional manager offered to assist in running Schlom's territory and proposed splitting the duties with another of defendant's regional managers.

12.

At a sales conference in Miami, Florida on January 16, 2005, Schlom disclosed to one of Defendant's regional managers that he would be deployed for duty in Afghanistan in June of 2005.

13.

Schlom then asked the defendant's regional manager how Schlom should cover his sales territory during Schlom's expected five-month deployment to Afghanistan.

14.

As a pre-text, defendant Marley lured Schlom into a meeting in Chicago, Illinois on March 2, 2005, ostensibly for a talent assessment and performance management process, together with a discussion of new sales incentive

commission plans, only to use that deception to inform Schlom that he was being terminated for failure of performance effective that very day, March 2, 2005.

15.

Upon information and belief, Schlom's deployable status with the United States Army Reserve from 2001 through 2005, to include the likelihood of his deployment to South West Asia in the summer of 2005, was in whole or in part, known and considered by Defendant Marley prior to Schlom's termination and discharge on March 2, 2005.

16.

Upon information and belief, there is a causal relationship between Scholm's protected status as a member of the U.S. Army Reserve and the adverse reemployment action taken by Marley in terminating him on March 2, 2005.

17.

Upon receiving the military orders described by Schlom above, Schlom provided his supervisor with a copy of the actual orders and the dates of active military service contained therein.

18.

After returning from active duty in October 2005, Schlom sought re-employment by providing written notice of his return from deployment and his desire for immediate re-employment with Defendant Marley.

19.

Following Schlom's return to the United States, he was released from active duty and returned to his prior reserve status effective October 13, 2005.

20.

Upon information and belief, Defendant Marley hired a replacement regional sales manager to replace Schlom as regional sales manager following Marley's termination of Schlom on March 2, 2005.

21.

The facts alleged in paragraphs 1 through 20 constitute a violation of the provisions of USERRA, 38 U.S.C § 4301 et seq., including, but not limited to, 38 U.S.C. § 4311(a) and § 4311(c)(1).

22.

Marley's actions in this matter were a wilful violation of USERRA such that liquidated damages are legally appropriate.

23.

Upon information and belief, Marley either knew or showed reckless disregard for the matter of whether its conduct regarding the termination of Schlom's benefits of employment with Marley was prohibited by 38 U.S.C. § 4301 et seq.

24.

**PLAINTIFF, CHARLES M. SCHLOM**, hereby demands a trial by jury in the above-captioned matter as provided by the Seventh Amendment of the United States Constitution.

**WHEREFORE, PLAINTIFF, CHARLES M. SCHLOM,** prays that due proceedings be had and that there be judgment herein in favor of **CHARLES M. SCHLOM** and against **DEFENDANT, MARLEY COOLING TECHNOLOGIES, INC d/b/a SPX COOLING TECHNOLOGIES INC.**, for such sums as the Court

should deem reasonable and proper, including reinstatement to his former position with like seniority, status and pay, together with back pay, liquidated damages, reasonable attorneys' fees, pre-judgment interest, post-judgment interest, expert witness fees and other litigation expenses, OR, back pay, front pay, liquidated damages, reasonable attorneys' fees, pre-judgment interest, post-judgment interest, and other litigation expenses together with legal interest thereon from the date of judicial demand until paid, plus all costs of these proceedings, and for such other legal and equitable relief as the Court shall deem necessary and proper.

Respectfully Submitted,

GEORGE C. AUCOIN (Trial Counsel)
Louisiana Bar No. 24747
Law Offices of George C. Aucoin, APLC
2637 Florida Street, #25
Mandeville, LA 70448
Telephone: (985) 727-2263
Facsimile: (985) 951-7490
**COUNSEL FOR PLAINTIFF,
CHARLES M. SCHLOM**